**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD WAGER,

       Plaintiff-Appellant,

v.

KEVIN MILYARD; COLORADO
ATTORNEY GENERAL,

       Defendants-Appellees.

No. 06-1265
(D.C. No. 06-Z-65)
(Colorado)

**ORDER**[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

Donald Wager, a state prisoner appearing *pro se*,[1] seeks a certificate of appealability (COA) to challenge the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we see no basis for appeal and deny Mr. Wager's application for a COA.

Mr. Wager pled guilty to second degree murder and first degree assault, and on

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1]We liberally construe Mr. Wager's *pro se* application. *See Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998), *cert. denied,* 526 U.S. 1052 (1999).

[2]The district court denied Mr. Wager's request for a COA.

August 25, 2000, he was sentenced to sixty-eight years in prison by a Colorado court. Nearly three years later, on July 23, 2003, Mr. Wager filed an unsuccessful postconvition motion in state trial court challenging the validity of his sentence. On May 5, 2005, the Colorado Court of Appeals affirmed the trial court's decision, and on October 17, 2005, the Colorado Supreme Court denied certiorari review. Mr. Wager filed this § 2254 petition in the district court in January 2006. The district court ordered him to show cause why his habeas corpus petition should not be dismised as time barred. After considering Mr. Wager's response to the show cause order, the court determined that the petition was barred by the one year time limitation period in 28 U.S.C. § 2244(d).

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For those claims dismissed on procedural grounds by the district court, we will issue a COA only when "jurists of reason would find it debatable whether the petition state[d] a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Wager asserts his case is not time barred because he is a "layman who lacked the legal training and knowledge of the law" to discover his legal claim earlier. Aplt. Br. at 3. The habeas time bar, however, does not countenance unfamiliarity with the law as a justification for untimely filing. *See* 28 U.S.C. 2244(d). Mr. Wager also contends federal habeas relief should be accessible under principles of "federalism and

-2-

comity" and the "due process and equal protection clauses" because Colorado provides a longer, three-year window for seeking state postconviction relief. Aplt. Br. at 4. The one-year statutory limitation on seeking habeas relief, however, has not been held to conflict with these principles and Constitutional protections even where its availability is shorter in duration than for comparable state remedies. It is not debatable that filing within Colorado's three-year window does not overcome the one-year procedural bar limiting federal habeas relief.

Finally, a prisoner seeking *ifp* status must demonstrate financial inability to pay and the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997) (internal quotation marks omitted). Because Mr. Wager has not made a showing of good faith and the absence of frivolity, we deny his motion for leave to proceed *ifp*.

Because as Mr. Wager provides no debatable grounds for overcoming the one-year time limit, we **DENY** his application for a COA and his request to proceed *ifp*.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge